UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

REVIVAL HEALTH SERVICES, LLC,

Plaintiff,

-v-

34 LYNCREST LLC, et al.,

Defendants.

-------------------------------------------------------------------X

26-CV-9797 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Revival Health Services, LLC brings this action against Defendants 34 Lyncrest LLC, Michael Goldstein, Irving Langer, NYC Bureau of Highway Operations, City of New York, NYC Environmental Control Board, NYC Department of Housing Preservation and Development, NYC Parking Violations Bereau, and John Doe and Jane Doe #1-100, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a citizen of Florida because its sole member resides in Florida. *See* ECF No. 1 ("Complaint") ¶ 2. It also alleges that Defendant 34 Lyncrest LLC (the "Defendant LLC") is a citizen of New York. *See id.* ¶ 3.

As drafted, the Complaint fails to properly allege complete diversity. First, Plaintiff merely alleges the parties' states of residence, not their states of citizenship. *See id.* ¶¶ 2-3. This is not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)). For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to

establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Second, Plaintiff's allegations as to the Defendant LLC are also insufficient. It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so. It alleges only that the LLC Defendant is organized under the laws of the State of New York with its principal place of business in the State of New York, without supplying any information about the existence and citizenship of remaining LLC members. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before **November 18, 2026**, the Plaintiff

shall amend the Complaint to allege the citizenship of each constituent person or entity comprising the Defendant LLC as well as the citizenship of all individual parties. If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: November 12, 2026
New York, New York

JESSE M. FURMAN
United States District Judge