UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

REVIVAL HEALTH SERVICES, LLC,

Plaintiff,

-v-

34 LYNCREST LLC, et al.,

Defendants.

---------------------------------------------------------------------X

26-CV-9797 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

On November 16, 2026, Plaintiff filed an Amended Complaint, ECF No. 9, in response to the Court's November 12, 2026 Order, ECF No. 8, which had identified defects with Plaintiff's prior invocation of the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. The Amended Complaint identifies Plaintiff LLC as having a sole member that *resides* in Florida. *See* ECF No. 9 ¶ 2. It does not identify where that member is domiciled. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)). For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

It also identifies Defendant LLC as having a member Michael Goldstein who is a *resident* of New York. *See* ECF No. 9 ¶ 3. This is not enough. It does not identify whether LLC Defendant has any other constituent members, and where Goldstein is domiciled. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("[A] statement of the parties' residence is insufficient to establish their citizenship."); *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (holding an LLC is deemed to be a citizen of each state of which its members are citizens).

Finally, for the remaining individual parties, the Amended Complaint continues to plead residency, with the addition of conclusory allegations of citizenship. *See* ECF No. 9 ¶ 4-5. The Amended Complaint does not make any allegations about where these parties are domiciled. *See Leveraged Leasing Admin. Corp.*, 87 F.3d at 47; *Linardos v. Fortuna*, 157 F.3d at 948; *Canedy*, 126 F.3d at 103.

The Court will give Plaintiff one more chance to cure. Thus, it is hereby ORDERED that, no later than **November 23, 2026**, the Plaintiff shall file a Second Amended Complaint to allege the citizenship of *each* constituent person or entity comprising the Defendant LLC as well as the domicile of all individual parties. If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, **then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party**.

SO ORDERED.

Dated: November 18, 2026
New York, New York

JESSE M. FURMAN
United States District Judge